**HON. JOHN C. COUGHENOUR**

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROCKY MOUNTAIN MECHANICAL, INC., <br><br> Defendant. | No. 2:16-cv-00031-JCC <br><br> **MOTION FOR ORDER OF DEFAULT JUDGMENT** <br><br> Note for Motion Calendar <br> March 24, 2016 <br><br> (without oral argument) |

9

10

11

12

13

14

15

### 1.  Relief Requested.

16

Plaintiffs Northwest Sheet Metal Workers Welfare Fund, Northwest Sheet Metal

17

Workers Pension Fund and Northwest Sheet Metal Workers Supplemental Pension Funds (the

18

"Funds") and their Boards of Trustees move for an order of default judgment against Defendant

19

Rocky Mountain Mechanical, Inc. ("Defendant"), in the following amounts:

20

(1)    Twenty-Nine Thousand, Nine Hundred, Seventy-Seven and 13/100 Dollars

21

($29,977.13) in employee benefit contributions due for the periods of September through

22

October 2015, with interest at the rate of .67% per annum until paid;

23

24

25

MOTION FOR ORDER OF DEFAULT
JUDGMENT
No. 2:16-cv-00031-JCC - 1

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

1        (2)     Five Thousand, Six Hundred, Sixty-Three and 28/100 Dollars ($5,663.28) in

2   liquidated damages for the periods of September through October 2015, with interest at the rate

3   of .67% per annum until paid;

4        (3)     One Thousand, Two Hundred, Twenty-Six and 91/100 Dollars ($1,226.91) in pre-

5   judgment interest through March 24, 2016 on September through October 2015 contributions,

6   with interest at the rate of .67% per annum until paid;

7        (4)     Five Hundred, Sixty-Five and 00/100 Dollars ($565.00) in costs, with interest at

8   the rate of .67% per annum until paid; and

9

10       (5)     Three Thousand, Nine Hundred, Six and 00/100 Dollars ($3,906.00) in attorneys'

11  fees, with interest at the rate of .67% per annum until paid.

12  **2.  Statement of Facts.**

13       Defendant has at all relevant times been signatory to a collective bargaining agreement

14  with Sheet Metal Workers, Local 103 ("CBA").  Declaration Hutzenbiler, ¶ 5, Ex. A.  By the

15  terms of the CBA, Defendant was obligated to make payments to the Funds under the CBA and

16  Trust Agreements for said Funds ("Trust Agreements"). *Id.*, ¶ 6.  Under the Trust Agreements,

17  employers like Defendant must file monthly reporting forms along with payment for the hours

18  worked by the 20th day of the following month.  *Id.*, ¶ 7.  Any payment received after that date is

19  delinquent. *Id.*  The Trust Agreements provide that for 20% liquidated damages if suit is filed to

20  recover delinquent contributions, and 12% per annum interest on delinquent contributions, as

21  well as attorneys' fees and costs. *Id.¸* ¶¶10 and 11, Exs. B, C, and D.

22

23       For contributions during the periods September through October 2015, Defendant owes

24  the Funds the following amounts in contributions, liquidated damages, interest, attorneys' fees

25  and costs:

MOTION FOR ORDER OF DEFAULT
JUDGMENT
No. 2:16-cv-00031-JCC - 2

LAW OFFICES OF
Robblee Detwiler & Black
==============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

(1)     Contributions - $29,977.13

(2)     Liquidated damages - $5,663.28

(2)     Pre-judgment interest - $1,226.91

(3)     Costs - $565.00, and

(4)     Attorneys' fees - $3,906.00

*Id.*, ¶¶12-14, Exs. E, F, and G.

### 3.  Statement of Issues.

Whether judgment should issue for the amounts requested.

### 4.  Evidence Relied Upon.

The record and file herein and the Declaration filed herewith.

### 5.  Authority.

**a.     Plaintiffs are Entitled to Recover Unpaid Contributions, Liquidated Damages, Interest, Attorneys' Fees and Costs under ERISA.**

Section 502(g)(2) of ERISA requires that the court award the Funds the unpaid contributions, liquidated damages, interest, reasonable attorneys' fees and costs in this matter. Section 502(g)(2) reads as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court <u>shall award the plan</u>
>
>     (A)  the unpaid contributions;
>
>     (B)  interest on the unpaid contributions;
>
>     (C)  an amount equal to the greater of:
>
>         (i)  interest on the unpaid contributions, or
>
>         (ii)  liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be

MOTION FOR ORDER OF DEFAULT
JUDGMENT
No. 2:16-cv-00031-JCC - 3

LAW OFFICES OF
Robblee Detwiler & Black
================================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

permitted under Federal or State law) of the amount determined by
the court under sub-paragraph (A);

(D)  reasonable attorneys' fees and costs of the action. . . .

For the purposes of this paragraph, interest on unpaid contributions shall be
determined by using the rate provided under the plan, or, if none, the rate
prescribed under Section 6621 of Title 26.

Sections 502(g)(2)(B) and (C) of ERISA require that pre-judgment interest and

liquidated damages as set forth in the Trust Agreements be awarded on all delinquent

contributions received as a result of the filing of the lawsuit.  Operating Engineers Pension Trust

v. A-C Co., 859 F.2d 1336 (9th Cir. 1988); Bennett v. Machined Metals Co., Inc., 591 F. Supp.

600 (E.D. Pa. 1984).   Mandatory fees are available under Section 502(g)(2) on delinquent

contributions paid by Defendant after suit is filed.  Northwest Administrators, Inc. v. Albertson's,

Inc., 104 F.3d 253, (9th Cir. 1996); Board of Trustees v. California Co-op Creamery, 877 F.2d

1415 (9th Cir. 1989); San Pedro Fisherman's Welfare v. Di Bernardo, 664 F.2d 1344, 1346 (9th

Cir. 1982); (following 1990 amendment to Section 502(g) of ERISA, "award of attorneys' fees

mandatory").

As the Ninth Circuit explained in Northwest Administrators, Inc., 104 F.3d at p. 257:

To be entitled to a mandatory award under [Section 502(g)(2) of ERISA,]
§1132(g)(2), the following three requirements must be satisfied:  (1) the
employer must be delinquent with contributions at the time the action was filed;
(2) the district court must enter a judgment against the employer; and (3) the plan
must provide for such an award.

In this matter, Defendant was delinquent with contributions at the time this action was

filed.  The CBA and Trust Agreements provide for the award of liquidated damages, interest,

attorneys' fees and costs.  Accordingly, the Funds are entitled to judgment against Defendant for

contributions remaining unpaid, liquidated damages on delinquent and unpaid contributions, pre-

judgment interest, reasonable attorneys' fees, and costs, as requested by Plaintiffs.

MOTION FOR ORDER OF DEFAULT
JUDGMENT
No. 2:16-cv-00031-JCC - 4

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

b.      **Section 301 of the National Labor Relations Act Through the CBA and Trust Agreements Provides a Second Basis for Plaintiffs' Recovery.**

Contributions and wages withheld, liquidated damages, pre-judgment interest, attorneys' fees, and costs are also recoverable in actions under Section 301 of the National Labor Relations Act (the "Act") for collection of delinquent trust fund contributions and wages withheld when the relevant trust or labor agreement mandates their payment.  Local 159, United Association v. Nor-Cal Plumbing, Inc., 185 F.3d 978 (9th Cir. 1999); United States v. Carter, 353 U.S. 210 (1957); Irwin v. Carpenters Health and Welfare Trust, 745 F.2d 533 (9th Cir. 1984).

In Carter, the Supreme Court held that liquidated damages, interest, attorneys' fees and costs set forth in the trust agreement for delinquent contributions are part of the sums justly due to employees and therefore trust funds could collect those amounts from sureties pursuant to the Miller Act, 40 U.S.C. §270(a), et seq.  The Court reasoned that such matters are part of the consideration that the employer agreed to pay for services performed by its employees.

Since the Trust Agreements, as amended, provide for liquidated damages at 20% of the contributions to the Welfare, Pension, and Supplemental Pension, pre-judgment interest at 12% per annum, and attorneys' fees and costs are due whenever payments are delinquent, Defendant is liable for such amounts as part of the consideration owing for services performed.

c.      **The Amounts Requested by the Plaintiffs are Proper.**

Plaintiffs' request for the amounts due in liquidated damages and interest are calculated under the formulae set forth in the Trust Agreements and CBA.  By the Court's directive in United States v. Carter, supra, and under Section 502(g)(2) of ERISA, these formulae are appropriate.  Accordingly, the amounts requested by the Plaintiffs for contributions and wages withheld, liquidated damages and interest as set forth above are proper.

MOTION FOR ORDER OF DEFAULT
JUDGMENT
No. 2:16-cv-00031-JCC - 5

LAW OFFICES OF
Robblee Detwiler & Black
==============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

1   As to attorneys' fees, the amount incurred by Plaintiffs, $3,906.00 is an appropriate and

2   reasonable amount, given the modest hourly rates, the number of hours billed and the amount

3   recovered.  Kerr v. Screen Actors' Guild, Inc., 526 F.2d 67 (9th Cir. 1975).  In addition, costs of

4   $565.00 have been incurred and are properly recoverable.

5                                    **6.  Proposed Order.**

6   Plaintiffs' proposed order is attached hereto.

7   DATED this 24th day of March, 2016.

8

9                                        s/ Margaret Burnham
                                         Margaret Burnham, WSBA No. 47860
10                                       Robblee Detwiler & Black
                                         2101 Fourth Ave, Suite 1000
11                                       Seattle, WA 98121
                                         Telephone: (206) 467-6700
12                                       Fax: (206) 467-7589
                                         E-mail: dhutzenbiler@unionattorneysnw.com
13
14                                       Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

MOTION FOR ORDER OF DEFAULT
JUDGMENT
No. 2:16-cv-00031-JCC - 6

LAW OFFICES OF
Robblee Detwiler & Black
=============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2016, I electronically filed the foregoing **MOTION FOR ORDER OF DEFAULT JUDGMENT; DECLARATION OF DANIEL HUTZENBILER IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** and **EXHIBITS A-G** with the Clerk of the Court using the CM/ECF system. I also sent a true and correct copy of the above-named documents to:

> Rocky Mountain Mechanical, Inc.
> 3959 Whippoorwill Drive
> Missoula, Montana 59808

> s/ Margaret Burnham
> Margaret Burnham, WSBA No. 47860
> Robblee Detwiler & Black
> 2101 Fourth Ave, Suite 1000
> Seattle, WA 98121
> Telephone: (206) 467-6700
> Fax: (206) 467-7589
> E-mail: mburnham@unionattorneysnw.com

> Attorneys for Plaintiffs

CERTIFICATE OF SERVICE
No. 2:16-cv-00031-JCC - 1

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589