# EXHIBIT C

# TRUST AGREEMENT

## GOVERNING THE

## NORTHWEST SHEET METAL WORKERS PENSION TRUST

## REVISED AND RESTATED FEBRUARY 1, 1999

EXHIBIT C - 01

# TABLE OF CONTENTS

                                                                                    Page

PREAMBLE ................................................................................................ v

ARTICLE I - DECLARATION OF TRUST ..................................................... 1

   1.  Name.......................................................................................... 1
   2.  Purpose....................................................................................... 1
   3.  Duration of Trust Fund............................................................... 1
   4.  Term of Trust Agreement............................................................ 1

ARTICLE II - DEFINITIONS........................................................................ 1

ARTICLE III - THE TRUSTEES ................................................................... 3

   1.  The Board of Trustees................................................................. 3
   2.  Statutory Capacities of Trustees ................................................ 3
   3.  Agents for Service of Process ...................................................... 3
   4.  Number of Trustees .................................................................... 3
   5.  Identity of Present Trustees ........................................................ 4
   6.  Appointment of Successor or Additional Employer Trustees and
        Alternate Trustees................................................................. 4
   7.  Appointment of Successor Labor Organization Trustees............. 5
   8.  Individuals Disqualified From Serving as Trustees...................... 5
   9.  Acceptance of Appointment by Trustees..................................... 5
  10.  Term of Appointment................................................................. 5
  11.  Termination of Appointment by Appointing Entity .................... 5
  12.  Termination of Appointment for Failure to Attend Meetings....... 6
  13.  Termination of Appointment for Conviction of a Crime ............. 6
  14.  Termination of Appointment for Mental Incapacity ................... 6
  15.  Resignation of Appointment....................................................... 6
  16.  Vacancies .................................................................................. 6
  17.  Return of Books and Records...................................................... 6

ARTICLE IV - TRUST FUND ADMINISTRATION........................................ 6

   1.  Manner of Voting....................................................................... 6
   2.  Constitution of a Quorum........................................................... 7
   3.  Motions ..................................................................................... 7
   4.  Prohibition of Proxies ................................................................ 7
   5.  Regular Meetings....................................................................... 7
   6.  Special Meetings ........................................................................

EXHIBIT C - 02

**Page**

7.  Action Without a Formal Meeting ........................................................... 8
8.  Arbitration of Deadlocked Issues .......................................................... 8
9.  Election of Chairman and Secretary ....................................................... 8
10. Duties of Chairman and Secretary ......................................................... 9
11. Authorized Signatures ........................................................................ 9
12. Compensation and Expenses ................................................................ 9
13. Benefits to Trustees Not Prohibited ....................................................... 9

**ARTICLE V - PARTICIPATION** ................................................................. 10

1.  Bargaining Units Entitled to Participate ................................................. 10
2.  Other Bargaining Units ...................................................................... 10
3.  Staff Employees of Participating Labor Organizations ................................. 10
4.  Staff Employees of Participating Employer Associations ............................... 11
5.  Non-Bargaining Unit Employees of Participating Employers .......................... 11
6.  Trust Fund Employees ........................................................................ 11
7.  Unauthorized Participation .................................................................. 11

**ARTICLE VI - TRUSTEE RESPONSIBILITIES** ............................................... 12

1.  General Duty - Receipt of Contributions and Creation and
        Administration of Benefit Plans ....................................................... 12
2.  Compliance With the Internal Revenue Code ............................................ 12
3.  Funding Standards ............................................................................ 12
4.  Basis of Payments To and From Trust Fund .............................................. 13
5.  Application of Trust Fund Assets ........................................................... 13
6.  Fiduciary Standards ........................................................................... 13
7.  Deposits ......................................................................................... 13
8.  Investments .................................................................................... 13
9.  Specifically Permitted Investments ....................................................... 14
10. Title to Investments and Other Assets ................................................... 14
11. Fidelity Bond .................................................................................. 14
12. Records ......................................................................................... 15
13. Annual Audit .................................................................................. 15
14. Actuarial Statement .......................................................................... 15
15. Summary Plan Description ................................................................... 15
16. Annual Report ................................................................................. 16
17. Statements of Accrued Pension Benefits ................................................. 16
18. Income Tax Withholding and Reporting .................................................. 16
19. Documents to be Examined or Furnished ................................................ 16
20. Procedure for Establishing Funding Policy .............................................. 17
21. Payment of Plan Termination Insurance Premiums ..................................... 17
22. Procedure for Review of Denied Benefit Claims ........................................ 17

EXHIBIT C - 03

**Page**

ARTICLE VII - ALLOCATION OR DELEGATION OF TRUSTEE
RESPONSIBILITIES ............................................................... 17

1. Allocation of Responsibilities to Committees................................ 17
2. Delegation of Investment Responsibilities ................................. 18
3. Delegation of Other Responsibilities........................................ 18
4. Review of Performance........................................................ 19

ARTICLE VIII - TRUSTEE POWERS ........................................................ 19

1. General Powers ............................................................... 19
2. Specific Powers Discretionary................................................ 19
3. Benefit Plans Currently Being Provided .................................... 19
4. Additional Benefit Plans..................................................... 20
5. Design of Benefit Plans...................................................... 20
6. Means of Providing Benefits ................................................ 20
7. Facility of Payment .......................................................... 20
8. Administrative Agent......................................................... 20
9. Banking Services ............................................................. 21
10. Other Professional and Non-Professional Help ........................... 21
11. Obtaining of Necessary Premises, Equipment, and Supplies............... 21
12. Insurance .................................................................... 21
13. Borrowing Money ............................................................ 22
14. Reserve Funds ............................................................... 22
15. Payment of Taxes ............................................................ 22
16. Refunds of Contributions Erroneously Paid .............................. 22
17. Prosecution of Legal Actions or Claims.................................... 22
18. Defense of Legal Actions or Claims ....................................... 22
19. Compromise of Legal Actions or Claims.................................... 23
20. Penalties for False or Withheld Information ............................... 23
21. Correction of Errors ........................................................ 23
22. Subscription Agreements .................................................... 23
23. Participation in Non-Profit Educational Organizations ................... 24
24. Reciprocity.................................................................. 24
25. Coordinated Administration................................................. 24
26. Mergers...................................................................... 24
27. Interpretation and Application of Documents .............................. 25

ARTICLE IX - CONTRIBUTIONS AND COLLECTIONS ................................. 25

1. Contribution Reporting Forms .............................................. 25
2. Contribution Due Date....................................................... 25
3. Delinquent Contributions ................................................... 25
4. Audit of Employer Books and Records....................................... 25
5. Liquidated Damages and Interest .......................................... 26

EXHIBIT C - 04

**Page**

6. Attorney Fees and Court Costs ................................................................. 26
7. Venue of Collection Actions.................................................................... 27
8. Protection of Employees in Cases of Delinquency.................................. 27
9. Coordination with Provisions in Collective Bargaining Agreements ...... 27

ARTICLE X - HEARING AND ARBITRATION PROCEDURES ........................... 27

1. Procedures to be Followed.................................................................... 27
2. Hearings Before Board of Trustees........................................................ 28
3. Appeal to Arbitration ........................................................................... 28

ARTICLE XI - LIABILITIES........................................................................... 28

1. Liabilities and Debts of Trust Fund....................................................... 28
2. Liabilities and Debts of Participating Parties......................................... 29
3. Personal Liabilities of Trustees............................................................. 29
4. Judgments Against Trust Fund ............................................................. 29
5. Participating Parties' Rights.................................................................. 29
6. Cessation of Participation..................................................................... 29
7. Protection of Trust Fund, Contributions, and Benefits.......................... 30
8. Reliance Upon Written Documents....................................................... 30
9. Agents of Trust Fund ........................................................................... 30

ARTICLE XII - MISCELLANEOUS ............................................................... 30

1. Trust Fund Offices ............................................................................... 30
2. Applicable Laws and Regulations......................................................... 31
3. Service in More Than One Fiduciary Capacity ...................................... 31
4. Notices ................................................................................................ 31
5. Severability .......................................................................................... 31
6. Titles and Words .................................................................................. 31

ARTICLE XIII - AMENDMENTS AND TERMINATION.................................... 32

1. Amendments........................................................................................ 32
2. Termination ......................................................................................... 32
3. Allocation Upon Termination ............................................................... 32

ARTICLE XIV - EMPLOYER WITHDRAWAL LIABILITY ................................ 32

1. Calculation and Collection of Employer withdrawal Liability ............... 32
2. Adoption of Administrative Rules and Regulations .............................. 33

SIGNATORY PARTIES.................................................................................. 33

EXHIBIT C - 05

## PREAMBLE

Whereas, the signatory parties did execute a trust agreement, creating a joint labor-management employee pension benefit trust fund known as:

Name of Trust Fund

**Northwest Sheet Metal Workers Pension Trust**

Initial Execution Date

**May 1, 1965**

Dates of Amendments

**October 22, 1976 (Revised and Restated)**
**August 24, 1979**
**March 6, 1986**
**June 17, 1990 (Revised and Restated)**
**December 11, 1990**
**July 28, 1992**
**September 29, 1995**


and

Whereas, the existing trust agreement was adopted pursuant to Section 302(c) of the Labor-Management Relations Act of 1947, the Employee Retirement Income Security Act of 1974 (ERISA), and applicable provisions of the Internal Revenue Code, and

Whereas, the signatory parties have also determined to revise and restate the existing trust agreement so as to take into account contemporary needs and conditions,

Now, therefore, the signatory parties do hereby revise and restate the existing trust agreement as set forth in the following pages.

EXHIBIT C - 06

# ARTICLE I

## DECLARATION OF TRUST

**1.    Name**

The signatory parties hereby redeclare and confirm the establishment of a Trust Fund known as the **Northwest Sheet Metal Workers Pension Trust.**

The Trustees may hold property, enter into contracts, and in all matters act in behalf of the Trust Fund in such name.  The Trust Fund may sue or be sued in such name.

**2.    Purpose**

The purpose of the Trust Fund is to provide an entity to which contributions from participating employers and contributions from participating employees (if any) can be paid and through which the Trustees can create and administer one or more employee pension benefit plans for the participating employees on whose behalf the contributions have been paid, and their beneficiaries.

**3.    Duration of Trust Fund**

The Trust Fund shall continue in existence on an indefinite basis, contemporaneously with the term of this Trust Agreement.

**4.    Term of Trust Agreement**

This Trust Agreement shall be effective as of February 1, 1999, and shall continue indefinitely until such time as it may be terminated in accordance with the provisions of Article XIII hereof.

# ARTICLE II

## DEFINITIONS

The following definitions shall govern in this Trust Agreement:

**1.    "Beneficiary"**--any dependent of a participating employee, who is entitled to benefits, as defined in a benefit plan; any person designated by a participating employee or dependent, or by the terms of a benefit plan, to receive benefits upon the death of such participating employee or dependent.

**2.    "Benefit plan"** or **"employee pension benefit plan"**--any lawful employee pension benefit plan created and administered by the Trustees.

EXHIBIT C - 07

1

3.   **"Collective bargaining agreement"**--a written agreement between a participating employer and a participating labor organization and any supplement, amendment, continuation, or renewal thereof, by the terms of which the employer is obligated to make contributions to the Trust Fund.

4.   **"Contributions"**--the payments required of a participating employer, or of participating employees, pursuant to the terms of a collective bargaining agreement, or special agreement, for the purpose of providing employee pension benefits to the employees covered by said agreements and their beneficiaries; also, the self-payments made by participating employees pursuant to any self-payment rules adopted by the Trustees.

5.   **"Participating employee"**--any individual employed by a participating employer who is covered by a collective bargaining agreement, or special agreement, and for whom the employer makes contributions to the Trust Fund, any individual who may have been so employee but is subsequently laid off, terminated, or retired.

6.   **"Participating employer"**--any sole proprietorship, partnership, unincorporated association, corporation, or joint venture; or the United States of America; or any state, county, or municipality, or any other public agency, public corporation or governmental unit that is party to a collective bargaining agreement and that satisfies the requirements of Article V hereof.

7.   **"Participating employer association"**--any employer association that is party to a collective bargaining agreement with a labor organization and that satisfies the requirements of Article V hereof.

8.   **"Participating labor organization"**--the labor organizations named in Article V hereof and any other lawful labor organizations that represent employees in collective bargaining with employers and that satisfy the requirements of Article V hereof.

9.   **"Related trust fund"**--an employee benefit trust fund, other than this Trust Fund, to which participating employers make contributions as required by collective bargaining agreements with participating labor organizations.

10.   **"Signatory parties"**--the parties who have created this Trust Agreement and whose signatures appear on the last page hereof (or their successors).

11.   **"Special agreements"**--a written agreement between a participating employer and the Trustees, and any supplement, amendment, continuation, or renewal thereof, that obligates the employer to make contributions to the Trust Fund for the purpose of providing pension benefits to the employees covered by said agreement, and their beneficiaries.

12.   **"Subscription agreement"**--a written agreement by which a participating employer acknowledges its obligation to make contributions to the Trust Fund and subscribes to the terms and provisions of this Trust Agreement.

13.   **"Trustees"** or **"Board of Trustees"**--the Trustees of the Trust Fund and their successors.

EXHIBIT C - 08

2

14.   **"Trust"** or **"Trust Fund"**--the entity created by this Trust Agreement, and all property and money held by such entity, including all contract rights and records.

15.   **"Pension benefits"** of **"employee pension benefits"**--the benefits provided in an employee pension benefit plan.

ARTICLE III

THE TRUSTEES

1.   **The Board of Trustees**

The Trust Fund and the employee pension benefit plans shall be administered by a Board of Trustees composed equally of employer Trustees and Labor Organization Trustees.

2.   **Statutory Capacities of Trustees**

For purposes of complying with Section 302(c)(5)(B) of the Labor-Management Relations Act of 1947, the participating employers shall be represented, in the administration of the Trust Fund, by the Employer Trustees; and the participating employees shall be represented by the Labor Organization Trustees.

For purposes of complying with the various provisions of the Employee Retirement Income Security Act of 1974, the Trustees shall be considered as "named fiduciaries," "fiduciaries," the "plan administrator," and the "plan sponsor," as those terms are used in such Act.

3.   **Agents for Service of Process**

Each Trustee shall be considered as an agent of the Trust Fund for the purpose of accepting service of legal process, provided that the Trustees may designate their administrative agent, or another person, as agent of the Trust Fund for this purpose.

4.   **Number of Trustees**

The number of Trustees shall be as follows:

There shall be ten (10) Trustees of the Trust Fund, five (5) of whom shall be Employer Trustees representing the participating employers and five (5) of whom shall be Labor Organization Trustees representing the participating employees.

The Employer Trustees shall have the authority to designate one alternate Trustee who may serve as a Trustee in the absence of a regular Trustee.

The Trustees shall have the authority to either increase or decrease the size of the Board of Trustees, provided that at all times there is an equal number of Employer Trustees and

EXHIBIT C - 09

Organization Trustees. If the signatory parties hereto are other than the Trustees, such action shall require the written approval of the signatory parties (or their successors).

5.   **Identity of Present Trustees**

The Trustees serving as of the effective date of this Trust Agreement are as follows:

| Employer Trustees | Labor Organization Trustees |
|---|---|
| Robert Carlton, Jr. | Donald Dokken |
| Richard Miller | Dale Hill |
| Mike Nelson | Ken Peterson |
| Robert Patterson | Floyd Reichert |
| Donald Zoda | Ronald Senger |
| Richard Pansie (Alternate) | |

6.   **Appointment of Successor or Additional Employer Trustees and Alternate Trustees**

In the event of an unfilled Employer Trustee position or the termination of appointment, resignation or death of an Employer Trustee, a successor Employer Trustee shall be appointed as follows:

One Trustee shall be appointed by the Inland Empire Chapter of the Sheet Metal and Air Conditioning Contractors National Association according to its internal rules, procedures or practices.

One Trustee shall be appointed by the Alaska Chapter of the Sheet Metal and Air Conditioning Contractors National Association according to its internal rules, procedures or practices.

One Trustee shall be appointed by the Montana Chapter of the Sheet Metal and Air Conditioning Contractors National Association according to its internal rules, procedures or practices.

One Trustee shall be appointed by the Western Washington Chapter of the Sheet Metal and Air Conditioning Contractors National Association according to its internal rules, procedures or practices.

One Trustee, denominated the "at large" Trustee, shall be appointed by majority vote of the other four (4) Employer Trustees, who shall be considered the appointing entity or appointing party as to the "at large" Trustee, and, in the absence of a majority vote, the alternate Trustee shall become the "at large" Trustee, provided that the "at large" Trustee shall serve for the earlier of (a) a term of four (4) years, or (b) resignation, death or termination of appointment for any of the reasons set forth in Sections 8, 12, 13 or 14 of this Article III.

The alternate Trustee shall be appointed in the same manner and for the same term as the "at large" Trustee.

EXHIBIT C - 10

4

Each appointment shall be confirmed in a written notice from the appointing entity to the Chairman or Secretary. In the event a Trustee is appointed by an appointing entity and does not have a proprietary or ownership interest in a participating employer, within 60 days of receipt of confirmation of appointment by the Chairman or Secretary the remaining Employer Trustees may, by majority vote, terminate the appointment and said termination shall result in a vacancy as provided in Article III, Section 16 of this Trust Agreement.

7. Appointment of Successor Labor Organization Trustees

In the event of an unfilled Labor Organization Trustee position or the termination of appointment, resignation, or death of a Labor Organization Trustee, a successor Labor Organization Trustee shall be appointed as follows:

A successor Labor Organization Trustee shall be appointed by the participating Sheet Metal Workers Local Unions specified in Article V, Section 1 hereof, according to their rules, practices, or procedures. The appointment shall be confirmed in a written notice from the Local Unions sent to the Chairman and Secretary of the Plan Trustees.

8. Individuals Disqualified From Serving as Trustees

No individual who has been convicted of any of the crimes listed in Section 411(a) of the Employee Retirement Income Security Act of 1974 shall be permitted to serve as a Trustee during the period of disqualification specified in the statute.

9. Acceptance of Appointment by Trustees

Each Trustee shall sign a document accepting his appointment as Trustee and agreeing to abide by the terms and provisions of this Trust Agreement.

10. Term of Appointment

Each Trustee shall serve until the termination of appointment, resignation, or death.

11. Termination of Appointment by Appointing Entity

Except as may otherwise be specified in Sections 6 or 7 of this Article, the appointment of a Trustee may be terminated, at any time, by the entity which originally made the appointment, according to such entity's internal rules, procedures, or practices.

The termination of a Trustee's appointment shall be effective upon the termination date specified in a written notice of termination, addressed to the Chairman and Secretary of the Trustees, prepared by the appointing entity.

EXHIBIT C - 11

12. **Termination of Appointment for Failure to Attend Meetings**

The appointment of a Trustee shall be automatically terminated if such Trustee fails to attend three (3) consecutive meetings of the Trustees, without being excused from attendance by specific action of the remaining Trustees noted in the minutes.

13. **Termination of Appointment for Conviction of a Crime**

The appointment of a Trustee shall be automatically terminated if such Trustee is convicted of any of the crimes listed in Section 411(a) of the Employee Retirement Income Security Act of 1974.

14. **Termination of Appointment for Mental Incapacity**

The appointment of a Trustee shall be automatically terminated if such Trustee is declared mentally incompetent by court decree.

15. **Resignation of Appointment**

A Trustee may resign his appointment at any time. Such resignation shall be effective upon the resignation date specified in a written notice of resignation addressed to the Chairman and Secretary of the Trustees.

16. **Vacancies**

No vacancy in the position of Trustee shall impair the power of the remaining Trustees to administer the affairs of the Trust Fund so long as a quorum exists as specified in Article IV, Section 2, hereof.

17. **Return of Books and Records**

In the event of the termination of appointment, resignation, or death of a Trustee, the Trustee (or his legal guardian, heirs, or personal representative) shall, upon the request of the Chairman and Secretary of the Trustees, forthwith turn over to the Chairman or Secretary any and all records, books, documents, monies, and other property in the possession of the Trustee, or under his control, that belong to the Trust Fund or that were received by him in his capacity as Trustee.

## ARTICLE IV

## TRUST FUND ADMINISTRATION

1. **Manner of Voting**

Any action to be taken by the Trustees shall be determined as follows:

EXHIBIT C - 12

Any action to be taken by the Trustees shall be by majority vote of the total number of the Trustees in attendance at any meeting of the Trustees, or by majority vote of the total number of Trustees participating in a conference telephone call, or by majority vote of the total number of Trustees who are taking action, in writing, without a meeting.

Each Employer Trustee shall have one vote and each Labor Organization Trustee shall have one vote, provided that at any meeting at which less than the full number of Employer Trustees then serving are present, those who are present shall be entitled, pro rata, to cast the full number of Employer Trustee votes and at any meeting at which less than the full number of Labor Organization Trustees then serving are present, those who are present shall be entitled, pro rata, to cast the full number of Labor Organization Trustee votes.

2. **Constitution of a Quorum**

To constitute a valid regular or special meeting of the Trustees, a quorum must be present. A quorum shall be determined as follows:

To constitute a quorum there must be present at least two (2) Employer Trustees and two (2) Labor Organization Trustees.

3. **Motions**

Any Trustee including the Chairman or Secretary may offer or second any motion or resolution presented for the Trustees' consideration.

4. **Prohibition of Proxies**

To encourage full attendance at meetings of the Trustees and due consideration of the matters being voted upon, there shall be no proxies. A Trustee must be present in order to cast a vote.

5. **Regular Meetings**

The Trustees shall hold regular periodic meetings consistent with the needs of Trust Fund business, provided that there shall be at least two (2) regular meetings held during each calendar year. The Trustees shall determine the time and place of all such meetings.

6. **Special Meetings**

Either the Chairman or the Secretary or any two (2) Trustees (one Employer Trustee and one Labor Organization Trustee) may call a special meeting of the Trustees by giving written notice to all the other Trustees of the time and place of such meeting at least ten (10) days before the date set for the meeting, provided that ten (10) days advance notice shall not be necessary if all Trustees are agreeable to an earlier meeting.

EXHIBIT C - 13

7.    **Action Without a Formal Meeting**

The Trustees may take action without a formal meeting by means of (a) a conference telephone call, arranged by the Secretary or the administrative agent, in which all Trustees participate, (b) the presentation of a written motion or resolution sent to all Trustees by the Secretary or the administrative agent and the subsequent obtaining of Trustee votes on the motion or resolution in telephone calls placed to each Trustee by the Secretary or the administrative agent, or (c) the presentation of a written motion or resolution sent to all Trustees by the Secretary or the administrative agent and the subsequent obtaining of Trustee votes on the motion or resolution in letters sent by each Trustee to the Secretary or the administrative agent.

Any such action shall be reported in the minutes of the next formal meeting.

8.    **Arbitration of Deadlocked Issues**

In the event the Employer Trustees and Labor Organization Trustees should deadlock on any matter submitted for their concurrence, the dispute may be referred by either group of Trustees to an impartial arbitrator in accordance with the Labor Arbitration Rules of the American Arbitration Association.  A deadlock shall be deemed to occur when there is a tie vote on any motion before the Trustees.

The Trustees shall attempt to agree on the joint submission of a statement of the issue in dispute.  However, if the Trustees cannot jointly agree upon such a statement, each group of Trustees shall submit to the arbitrator, in writing, its version of the issue in dispute.  As part of his award, the arbitrator shall state his determination as to the exact issue.

The expenses of any such arbitration, including any court proceedings relating thereto, and the fee of the arbitrator and the reasonable attorney and witness fees of the parties, shall be chargeable to the Trust Fund.

The decision and award of the arbitrator shall be final and binding upon the Trustees and upon all parties whose interests are affected thereby.

The procedure specified in this Section shall be the sole and exclusive procedure for the resolution of deadlocked issues.

9.    **Election of Chairman and Secretary**

The Trustees shall elect one of their number as Chairman and one as Secretary.  One of these officers shall be an Employer Trustee and one shall be a Labor Organization Trustee.

The Chairman and the Secretary shall each hold office for a three-year term.  A rotation and new election of the offices of Chairman and Secretary may occur at the end of each term.

A Chairman or Secretary may resign his office at any time.  Such resignation shall be effective upon the resignation date specified in a written notice of resignation addressed to the

EXHIBIT C - 14

8

remaining Trustees. In case of the resignation, death, or termination of appointment of either the Chairman or the Secretary, there shall be a new election of both offices.

### 10. Duties of Chairman and Secretary

The Chairman shall chair the meeting of the Trustees, shall appoint all committees, and shall carry out such other duties as the Trustees may assign to him.

The Secretary, in the absence of the Chairman, shall act in the place of the Chairman and perform the Chairman's duties. The Secretary shall also advise the Trustees as to all correspondence and financial reports pertaining to the Trust and shall keep minutes or records of all meetings, proceedings, and actions of the Trustees, provided that these particular responsibilities may be delegated to the administrative agent or to other of the professional or non-professional help retained by the Trustees.

### 11. Authorized Signatures

The Chairman and the Secretary or any two authorized Trustees (one Employer Trustee and one Labor Organization Trustee) shall sign all negotiable instruments, certificates, contracts, government reports, and other legal documents on behalf of the Trust Fund, provided that the authority for signing negotiable instruments may be delegated to the administrative agent, corporate trustee (if any), depository bank, or custodian bank. All persons doing business with the Trust Fund may rely on such signatures.

If the Trust Fund issues benefit checks to participating employees or their beneficiaries, the signatures of the Chairman and Secretary may be affixed thereto by a facsimile signature device, under safeguards determined by the Trustees.

### 12. Compensation and Expenses

No Trustee shall receive any compensation from the Trust Fund for services as a Trustee except as may be allowed under the Employee Retirement Income Security Act of 1974, and as may be authorized by the Trustees.

Each Trustee shall be reimbursed out of the Trust Fund for all expenses properly and actually incurred by him in the administration of the Trust Fund.

The Trustees shall establish the conditions for the payment of compensation (if any) and for the reimbursement of expenses.

### 13. Benefits to Trustees Not Prohibited

Nothing in this Trust Agreement shall prohibit a Trustee from receiving any benefits under the terms of a benefit plan, if he is otherwise eligible for the same as a participating employee or as a beneficiary of a participating employee.

EXHIBIT C - 15

## ARTICLE V

## PARTICIPATION

1.  **Bargaining Units Entitled to Participate**

The following labor organizations (or its successors), and the employers and employer associations with whom such labor organizations enter into collective bargaining agreements requiring contributions to the Trust Fund, and the employees in the bargaining units covered by such agreements, shall be allowed to participate in the Trust Fund:

> Sheet Metal Workers Local Union No. 23, Alaska;
> Sheet Metal Workers Local Union No. 213, Idaho;
> Sheet Metal Workers Local Union No. 103, Montana;
> Sheet Metal Workers Local Union No. 16, Oregon;
> Sheet Metal Workers Local Union No. 66, Washington;
> Sheet Metal Workers Local Union No. 207, Wyoming;
> Sheet Metal Workers Local Union No. 60, Idaho.

The Trustees, however, shall have the authority to decline or terminate the participation of a particular bargaining unit if (a) the labor organization and the employer fail to provide the Trustees with a copy of their collective bargaining agreement; (b) the language of the contribution provisions in the collective bargaining agreement does not meet the requirements established by the Trustees (if any); (c) the employer fails to submit a subscription agreement binding it to this Trust Agreement, if required; (d) the negotiated contribution rate is lesser, or greater, than the contribution rate supporting a particular benefit plan then being administered by the Trustees, provided that the Trustees, in their discretion, may accept the different contribution rate, and establish different eligibility rules or benefit formulas for the employees affected; or (e) there exist other facts and circumstances that, in the Trustees' discretion, justify a declination or termination of participation.

2.   **Other Bargaining Units**

The Trustees shall have the authority to permit labor organizations (other than those specified above) and employers and employer associations with whom such labor organizations bargain, and the employees in the bargaining units covered by such agreements, to participate in the Trust Fund.

The participation of such bargaining units shall be entirely discretionary with the Trustees and shall be subject to whatever terms and conditions they may impose.

3.   **Staff Employees of Participating Labor Organizations**

The Trustees shall have the authority to enter into special agreements directly with participating labor organizations by the terms of which such a labor organization agrees to make contributions to the Trust Fund so that the employees of the labor organization can be covered by the benefit plans provided through the Trust Fund.

EXHIBIT C - 16

The acceptance of such special agreements shall be entirely discretionary with the Trustees and shall be subject to whatever terms and conditions they may impose.

4.    **Staff Employees of Participating Employer Associations**

The Trustees shall have the authority to enter into special agreements directly with participating employer associations by the terms of which such an employer association agrees to make contributions to the Trust Fund so that the employees of the employer association can be covered by the benefit plans provided through the Trust Fund.

The acceptance of such special agreements shall be entirely discretionary with the Trustees and shall be subject to whatever terms and conditions they may impose.

5.    **Non-Bargaining Unit Employees of Participating Employers**

The Trustees shall have the authority to enter into special agreements directly with participating employers, who are contributing for their bargaining unit employees, by the terms of which such an employer agrees to make contributions to the Trust Fund so that the non-bargaining unit employees of the employer can be covered by the benefit plans provided through the Trust Fund.  To the extent allowed by law, the Trustees may deem corporate owner-officers, sole proprietors, and partners of participating employers as "participating employees" and permit them to be included as non-bargaining unit employees.

The acceptance of such special agreements shall be entirely discretionary with the Trustees and shall be subject to whatever terms and conditions they may impose.

6.    **Trust Fund Employees**

The Trustees shall have the authority to provide the employees of the Trust Fund (if any), or of a related trust fund, with the benefit plans provided through the Trust Fund.  The cost of such coverage may be chargeable to the Trust Fund or to the related trust fund.

Such coverage shall be entirely discretionary with the Trustees and shall be subject to whatever terms and conditions they may impose.

7.    **Unauthorized Participation**

The only individuals who shall be entitled to participate in and receive benefits from the Trust Fund shall be those employees who are within the bargaining units described in Sections 1 and 2, or who are within the groups described in Sections 3, 4, 5 and 6 above.  It is expected that participating employers will submit contributions only on behalf of such employees.  The receipt by the Trust Fund of contributions which may be submitted on behalf of individuals who are not eligible to participate shall not estop the Trustees from declining or terminating the participation of such individuals, nor shall it constitute a waiver of any of the provisions of this Article or of the benefit plans.

EXHIBIT C - 17

Sole proprietors and partners are not to be considered as participating employees and shall not be allowed to receive benefits from the Trust Fund.

## ARTICLE VI

## TRUSTEE RESPONSIBILITIES

1. **General Duty - Receipt of Contributions and Creation and Administration of Benefit Plans**

It shall be the general duty of the Trustees to receive the contributions from participating employers and the contributions from participating employees (if any) and any other income or assets that they may receive and, with such, to create and administer one or more employee pension benefit plans for the participating employees and their beneficiaries.

Additionally, the Trustees shall have the specific duties set forth in this Trust Agreement and such other duties as are imposed upon them by Section 302(c) of the Labor-Management Relations Act of 1947, the Employee Retirement Income Security Act of 1974, and other applicable laws.

2. **Compliance With the Internal Revenue Code**

The Trustees shall administer the Trust Fund and the benefit plans so that, to the extent allowed in the Internal Revenue Code, employer contributions are tax deductible, the Trust Fund is tax exempt, and the value of the employee pension benefits is excludable from the recipients' taxable income.

3. **Funding Standards**

The Trustees, with the assistance of their enrolled actuary, shall establish and maintain one or more funding standard accounts, as required by Section 302(b)(1) of the Employee Retirement Income Security Act of 1974, for the purpose of determining that the benefit plans remain actuarially sound according to the funding standards imposed by such Act. The funding standard account shall be reviewed by the Trustees at least once each year and on occasions when the Trustees are considering amendments to the benefit plans which involve an actuarial cost.

The Trustees shall administer the Trust Fund and the benefit plans so that, to the extent such is reasonably within their control, the benefit plans do not accrue an uncorrected, "accumulated funding deficiency," as defined in Section 302(a)(2) of such Act. If it should be determined that an "accumulated funding deficiency" has accrued or will accrue, the Trustees shall take remedial action to correct such deficiency, which action may include a request of participating employers, employer associations, and labor organizations for a negotiated adjustment in the amount of contributions, or the amendment of the benefit plans to adjust the level of benefits, or both.

EXHIBIT C - 18

12

The foregoing provisions shall not be interpreted as a guarantee that the benefit plans will never accrue an uncorrected "accumulated funding deficiency" or as an indemnification on the part of the Trustees as to any liability which may be imposed upon a participating employer with respect to such deficiency under the applicable provisions of such Act or the Internal Revenue Code.

Additionally, such provisions shall not be interpreted as an election to adopt the statutory funding standards prior to the date such standards become mandatory.

4.   **Basis of Payments To and From Trust Fund**

The basis on which contributions of participating employers and contributions of participating employees (if any) are made shall be as specified in the underlying collective bargaining agreement or special agreement. The basis on which benefits are paid out of the Trust Fund shall be as specified in the employee pension benefit plans.

5.   **Application of Trust Fund Assets**

As required by Section 403(c)(1) of the Employee Retirement Income Security Act of 1974, the assets of the Trust Fund shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participating employees and their beneficiaries and defraying reasonable expenses of administering the plan.

6.   **Fiduciary Standards**

As required by Sections 404 (a)(1)(A) and (B) of the Employee Retirement Income Security Act of 1974, the Trustees shall discharge their duties and administer the Trust Fund assets solely in the interest of the participating employees and their beneficiaries and for the exclusive purpose of (a) providing benefits to participating employees and their beneficiaries and (b) defraying reasonable expenses of benefit plan administration.

In carrying out their duties, the Trustees shall act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

7.   **Deposits**

The contributions, or any other monies which the Trustees may receive, shall be deposited in one or more banks or similar financial institutions supervised by the United States or a state, pending the allocation of such monies for the payment of current benefits and expenses, or for investment. Such monies may be commingled, on a temporary basis, with monies belonging to other related trust funds.

8.   **Investments**

The Trustees shall invest all contributions or other monies not required for the payment of current benefits and expenses. The Trustees may invest and reinvest in bank accounts, savings

EXHIBIT C - 19

and loan accounts, securities, mortgages, deeds of trust, notes, commercial paper, real estate, insurance contracts, and in such other property, real, personal, or mixed, as they deem prudent, provided that in the making of investments the Trustees shall diversify such investments as required by Section 404(a)(1)(C) of the Employee Retirement Income Security Act of 1974 so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so. Further, no investment shall be made which would constitute a "prohibited transaction" within the meaning of Section 406 of such Act, provided that the Trustees shall have the authority to apply to the Secretary of Labor for a conditional or unconditional exemption from any of the "prohibited transaction" rules, as they may deem necessary in the administration of the Trust Fund and the benefit plans.

9.     Specifically Permitted Investments

In the event the Trustees designate one or more banks or similar financial institutions supervised by the United States or a state to serve as custodian of the trust assets, or as a corporate trustee, or in another fiduciary capacity, the monies belonging to the Trust Fund may be invested in the accounts of such bank or institution, provided that such accounts bear a reasonable interest rate.

Further, the monies of the Trust Fund may be invested in (a) a common or collective trust fund, or pooled investment fund, maintained by a bank or trust company supervised by the United States or a state, or (b) in a pooled investment fund of an insurance company, even though such bank, trust company, or insurance company is a party-in-interest as that term is designated in Section 3(14) of the Employee Retirement Income Security Act of 1974, provided that the bank, trust company, or insurance company receives not more than reasonable compensation for managing such an investment.

10.    Title to Investments and Other Assets

Title to all investments or other assets of the Trust Fund shall be maintained in the name of the Trust Fund, provided that for convenience in transferring stocks, bonds, or other negotiable securities, title to such securities may be held in the name of the Trust Fund's custodian bank, or of its nominee.

Except as may be authorized by regulation of the Secretary of Labor, the indicia of ownership of all investments and other assets of the Trust Fund shall not be maintained outside the jurisdiction of the district courts of the United States.

11.    Fidelity Bond

The Trustees shall procure a fidelity bond in the amount required by Section 412(a) of the Employee Retirement Income Security Act of 1974 covering each Trustee or other person who receives, handles, disburses, or otherwise exercises custody or control of any of the funds or other property of the Trust Fund. The cost of such bond shall be chargeable to the Trust Fund, provided that, if such bond covers persons other than the Trustees or their employees (if any), and if there is an additional premium for the coverage for such other persons, the additional premium shall be chargeable to such other persons.

EXHIBIT C - 20

12. **Records**

The Trustees shall maintain records of their administration of the Trust Fund, including records of all receipts and disbursements, all investments purchased or sold, the texts of all benefit plans, all minutes of Trustee meetings, and all correspondence. No such record shall be directed destroyed except upon the specific action of the Trustees, and destruction shall not be directed until a period of eight (8) years has elapsed from the date the record was created, provided that employer contribution reports and records relating to pension eligibility credits of participating employees (or microfilm copies thereof) shall be retained indefinitely.

13. **Annual Audit**

The Trustees shall engage, on behalf of the participating employees and their beneficiaries, an independent qualified public accountant and shall authorize such accountant to conduct an annual financial examination of the Trust Fund, as required by Section 103(a)(3)(A) of the Employee Retirement Income Security Act of 1974. The cost of such examination shall be chargeable to the Trust Fund.

A statement of the results of each such examination shall be submitted to the Trustees for their review and, further, shall be made part of the Trust Fund's annual report.

14. **Actuarial Statement**

The Trustees shall engage, on behalf of the participating employees and their beneficiaries, an enrolled actuary, as that term is defined in Section 103(a)(4)(C) of the Employee Retirement Income Security Act of 1974, and shall authorize such actuary to prepare an actuarial statement as to any employee pension benefit plan which they administer as required by Section 103(d) of such Act. The cost of such statement shall be chargeable to the Trust Fund.

The actuarial statement shall be submitted to the Trustees for their review and, further shall be made part of the Trust Fund's annual report.

The enrolled actuary shall also be authorized to conduct an actuarial valuation at least every third plan year, unless he determines that a more frequent valuation is necessary, as required by Section 103(d) of such Act.

15. **Summary Plan Description**

The Trustees shall prepare and file with the Department of Labor a summary plan description and any modifications or changes in the information contained in such description, as required by Section 104(a) of the Employee Retirement Income Security Act of 1974.

The Trustees shall also furnish to participating employees and to each beneficiary receiving benefits copies of the summary plan description and copies of any modifications or changes in the information in such description, as required by Section 104(b)(1) of such Act.

EXHIBIT C - 21

16.   **Annual Report**

The Trustees shall prepare and file with the Department of Labor an annual report, as required by Section 103 of the Employee Retirement Income Security Act of 1974. The Trustees shall also furnish to participating employees and to each beneficiary receiving benefits portions of the annual reports as required by Section 104(b)(3) of such Act.

17.   **Statements of Accrued Pension Benefits**

To the extent required by the Secretary of Labor, the Trustees shall, upon the written request of any participating employee or beneficiary, furnish to the participating employee or beneficiary a statement indicating, on the basis of the latest available information, (a) the total pension benefits accrued and (b) the nonforfeitable pension benefits (if any) which have accrued, or the earliest date on which benefits will become nonforfeitable, as such statement is described in Section 105 of the Employee Retirement Income Security Act of 1974, provided that in no case shall a participating employee or beneficiary be entitled to receive more than one such statement in any one 12-month period.

In addition, the Trustees shall furnish to each participating employee who separates from service covered by an employee pension benefit plan, and who is entitled to a deferred vested benefit under such plan, a statement describing the nature, amount, and form of such deferred vested benefit, as required by Section 105(c) of such Act. The Trustees shall also file reports with the Internal Revenue Service concerning participating employees to whom such statements have been issued, as required by Section 6057 of the Internal Revenue Code.

18.   **Income Tax Withholding and Reporting**

The Trustees shall annually provide each retired employee or beneficiary receiving benefits with notice of the right to elect against withholding of income tax from his pension benefits and the right to revoke such election, as required by Section 3405 of the Internal Revenue Code.

The Trustees shall also furnish to each retired employee or beneficiary receiving benefits an annual statement of the benefits paid to him, as required by Section 6051(a) of such Code.

19.   **Documents to be Examined or Furnished**

The Trustees shall make copies of (a) this Trust Agreement, (b) the latest updated summary plan description, (c) the latest annual report, (d) the applicable collective bargaining agreement, and (e) any other contracts or instruments under which a benefit plan is established or operated available for examination by participating employees or their beneficiaries in the Trust Fund office, as required by Section 104(b)(2) of the Employee Retirement Income Security Act of 1974.

The Trustees shall, upon written request by a participating employee or his beneficiary, furnish to the participating employee or beneficiary a copy of (a) this Trust Agreement, (b) the latest updated summary plan description, (c) the latest annual report, (d) any terminal report, (e) the applicable collective bargaining agreement, and (f) any other contracts or instruments

EXHIBIT C - 22

under which a benefit plan is established or operated, as required by Section 104(b)(4) of such Act. Such copies shall be furnished within thirty (30) days of the request. The Trustees may impose a reasonable charge for such copies as may be allowed by regulation of the Secretary of Labor.

**20.   Procedure for Establishing Funding Policy**

The Trustees shall meet periodically with the benefit plan consultant, the independent qualified public accountant, and such other Trust Fund advisors as may be appropriate, for the purpose of anticipating the short run and long run financial needs of the Trust Fund. Thereupon, the Trustees shall adopt an appropriate funding policy and method for the Trust Fund.

The funding policy and method shall be considered by the Trustees in their management of trust fund investments. In the event the management of trust fund investments has been delegated to an investment manager, the funding policy and method shall be considered by such manager.

**21.   Payment of Plan Termination Insurance Premiums**

The Trustees shall pay to the Pension Benefit Guaranty Corporation the plan termination insurance premiums imposed by the Corporation with respect to the employee pension benefit plans, when such premiums are due, as required by Section 4007(a) of the Employee Retirement Income Security Act of 1974. Such premiums shall be chargeable to the Trust Fund.

Consistent with regulations issued by the Corporation, the Trustees shall have the authority to adopt a definition of the term "plan participant," and to compute and pay premiums on the basis of that definition.

**22.   Procedure for Review of Denied Benefit Claims**

The Trustees shall establish administrative procedures whereby participating employees or their beneficiaries whose claims for benefits are denied are notified, in writing, of the reasons for such denial and which afford such a participating employee or beneficiary a reasonable opportunity for a full and fair review, as required by Section 503 of the Employee Retirement Income Security Act of 1974. Such procedures shall include the hearing and arbitration provisions set forth in Article X hereof.

## ARTICLE VII

## ALLOCATION OR DELEGATION OF TRUSTEE RESPONSIBILITIES

**1.   Allocation of Responsibilities to Committees**

The Trustees may allocate to one or more committees of Trustees all or part of the following responsibilities, with full power to act: (a) the responsibility for managing the Trust Fund investments (if not otherwise delegated to a qualified investment manager); (b) the

EXHIBIT C - 23

17

responsibility for reviewing and determining benefit claims of participating employees and their beneficiaries; (c) the responsibility for conducting hearings and issuing determinations as provided for in Article X, Section 2 hereof; (d) the responsibility for resolving questions or problems that may be encountered in connection with payroll auditing activities; (e) the responsibility for resolving questions or problems that may be encountered in connection with the collection of delinquent employer accounts; (f) the responsibility for resolving questions or problems that may be encountered in connection with the day-to-day work of the administrative agent; (g) the responsibility for reviewing the performance of the qualified investment manager (if any), and of the other professional persons retained by the Trustees.

In the event the Trustees elect to allocate any of the stated responsibilities, they shall do so by the adoption of a motion or resolution calling for the appointment of a committee of Trustees (consisting of equal numbers of Employer Trustees and Labor Organization Trustees) and specifying the particular responsibility that is being allocated. With respect to the responsibility that is allocated, the committee shall have all the powers of the full Board of Trustees. Any action to be taken by the committee shall be determined according to the voting formula contained in Article IV, Section 1 hereof. If the committee members deadlock on any matter submitted for their concurrence, such matter shall be referred to the full Board of Trustees for review and action.

Nothing contained herein shall in any way limit the authority of the Trustees to create additional committees for the purpose of assisting with or expediting the affairs of the Trust Fund, provided that any such committee shall be empowered only to make recommendations with respect to the matters referred to it.

2. **Delegation of Investment Responsibilities**

The Trustees may delegate all or part of their responsibilities for the management of the Trust Fund investments to one or more qualified investment managers, as that term is defined in Section 3(38) of the Employee Retirement Income Security Act of 1974, i.e., (a) an investment advisor registered as such under the Investment Advisors Act of 1940, (b) a bank as defined in that Act, or (c) an insurance company qualified to manage, acquire, or dispose of employee benefit plan assets under the laws of more than one state.

In the event the Trustees elect to delegate investment responsibility they shall do so by the adoption of a motion or resolution making the delegation to a designated investment manager. The delegation shall be effective when the investment manager accepts the delegation and acknowledges in writing his status as a fiduciary with respect to the Trust Fund.

3. **Delegation of Other Responsibilities**

The Trustees may delegate all or part of their responsibilities with respect to the administration of the Trust Fund or the benefit plans (except investment responsibilities) to their administrative agent or to any other person whom they may designate for such purpose.

EXHIBIT C - 24

In the event the Trustees elect to delegate a particular responsibility, they shall do so by the adoption of a motion or resolution making the delegation to a designated person. The delegation shall be effective when the designated person accepts the delegation. If the delegation involves a responsibility other than one which is ministerial in nature, the designated person shall also acknowledge in writing his status as a fiduciary with respect to the Trust Fund.

### 4.    Review of Performance

In the event the Trustees elect to allocate or delegate Trustee responsibilities they shall periodically review the performance of the persons to whom such responsibilities have been allocated or delegated.

## ARTICLE VIII

## TRUSTEE POWERS

### 1.    General Powers

Except as may be expressly limited by the terms of this Trust Agreement, the Trustees shall have full and exclusive authority to control and administer the Trust Fund and the employee pension benefit plans which they create.

The authority of the Trustees not only encompasses the specific powers recited in the various paragraphs of this Trust Agreement but also includes the general power to do all things and take all actions, including the expenditure of Trust Fund monies, which they may deem necessary to carry out the purpose of this Trust Agreement. The Trustees may implement their powers through the adoption of appropriate motions, resolutions, or administrative rules and regulations.

### 2.    Specific Powers Discretionary

The recitation of specific powers in this Trust Agreement shall not be interpreted as compelling the exercise of any such power. The exercise of specific powers is discretionary with the Trustees.

### 3.    Benefit Plans Currently Being Provided

The employee pension benefit plan (or plans) presently being administered through this Trust Fund is (are) described as follows:

#### Northwest Sheet Metal Workers Pension Plan

The Trustees shall have the authority to make amendments to such benefit plan (or plans) or any plans hereafter adopted, including amendments that expand, restrict, or terminate all or part of the rules relating to eligibility for benefits, or to the amount and nature of such benefits, as they may determine. Amendments may be made on a prospective or retroactive basis.

EXHIBIT C - 25

No amendment shall be made if the same is prohibited by the provisions of the Employee Retirement Income Security Act of 1974 or the Internal Revenue Code and, if the subject matter is governed by the Act or the Code, the amendment shall conform to the requirements of the Act or the Code.

## 4.   Additional Benefit Plans

The Trustees shall have the authority to create and administer additional employee pension benefit plans as may be lawful under Section 302(c) of the Labor-Management Relations Act of 1947 and under Section 3(2) of the Employee Retirement Income Security Act of 1974, provided that such plans are supported by employer or employee contributions.

## 5.   Design of Benefit Plans

The Trustees shall have the authority to determine the details of the benefit plans, including the determination of rules under which participating employees shall be eligible for benefits and the nature and amount of such benefits. Such benefits may include benefits upon retirement, benefits to a surviving spouse, death benefits, and other incidental benefits. The Trustees shall also have the authority to determine whether benefits shall be extended to beneficiaries of participating employees and, if so, to determine which class or classes of beneficiaries shall be eligible for benefits, the eligibility rules which will apply to such class or classes of beneficiaries, and the nature and amount of such benefits. If there are different contribution rates, the Trustees may establish different eligibility rules, or benefit formulas, for the participating employees and their beneficiaries who are affected thereby.

## 6.   Means of Providing Benefits

The Trustees shall have the authority to provide the benefits, in whole or in part, directly from the Trust Fund or may contract with an insurance carrier or other entity, to underwrite or provide such benefits.

## 7.   Facility of Payment

The Trustees shall have the authority to adopt rules by the terms of which benefit payments owing to minors or incompetents may be paid instead to a person or institution providing care or other services to such minor or incompetent, even though a legal guardianship does not exist. Benefit payments made under any such rules shall fully discharge the Trust Fund's obligation to the minor or incompetent.

## 8.   Administrative Agent

The Trustees shall have the authority to retain, at the expense of the Trust Fund, one or more administrative agents to assist the Trustees in the day-to-day administration of the Trust Fund and the benefit plans. Such assistance may include the receipt and recording of contributions, the processing of delinquent accounts, the preparation of employee eligibility listings, the processing of benefit applications, the payment of benefits, the maintenance of financial records, and the handling of routine communications.

EXHIBIT C - 26

The administrative agent may be a contract administrator or a salaried administrator.  In the event the Trustees employ a salaried administrator they shall also have the authority to employ such additional administrative staff personnel as may be necessary.

The Trustees shall periodically review the performance of the administrative agent.

**9.    Banking Services**

The Trustees shall have the authority to retain, at the expense of the Trust Fund, one or more banks or similar financial institutions supervised by the United States or a state, to perform depository or custodial services, or to serve as corporate trustee or co-trustee, on behalf of the Trust Fund.

The Trustees shall periodically review the performance of the banks which they have retained to perform banking services.

**10.    Other Professional and Non-Professional Help**

The Trustees shall have the authority to retain, at the expense of the Trust Fund, one or more accountants, actuaries, attorneys, employee benefit plan consultants, investment managers, payroll auditors, and other professional or non-professional help, as they may deem necessary in the administration of the Trust Fund and the benefit plans.  Unless limited by the Employee Retirement Income Security Act of 1974, the retention of any such professional or non-professional help may be on a contract or salaried basis.

The Trustees shall periodically review the performance of their professional help and non-professional help.

**11.    Obtaining of Necessary Premises, Equipment, and Supplies**

The Trustees shall have the authority to purchase or lease suitable premises and equipment and to purchase materials and supplies, at the expense of the Trust Fund, as they may deem necessary in the administration of the Trust Fund and the benefit plans.

**12.    Insurance**

The Trustees shall have the authority to purchase policies of insurance (liability, property damage, casualty, and errors and omissions) to protect the Trust Fund and to protect themselves and their employees (if any) with respect to their activities on behalf of the Trust Fund as they may deem necessary.  The cost of such insurance policies shall be chargeable to the Trust Fund, provided that, if such insurance policies cover persons other than the Trustees or their employees (if any), and if there is an additional premium for the coverage for such other persons, the additional premium shall be chargeable to such other persons.

EXHIBIT C - 27

Any policy of errors and omissions insurance which covers the Trustees individually shall contain a recourse clause as required by Section 410(b)(1) of the Employee Retirement Income Security Act of 1974, provided that nothing herein shall prevent a Trustee (or an employer, employer association, or labor organization acting on his behalf) from purchasing for the Trustee a waiver of the recourse clause or a separate policy insuring against such recourse.

**13.   Borrowing Money**

The Trustees shall have the authority to borrow money for the Trust Fund, with or without security, as they may deem necessary in the administration of the Trust Fund and the benefit plans.

**14.   Reserve Funds**

The Trustees shall have the authority to maintain reasonable reserve funds for future contingencies as they may deem necessary in the administration of the Trust Fund and the benefit plans.

**15.   Payment of Taxes**

The Trustees shall have the authority to pay, at the expense of the Trust Fund, all real and personal taxes, and other taxes and assessments of any kind, that may be lawfully levied or assessed against the Trust Fund.

**16.   Refunds of Contributions Erroneously Paid**

The Trustees shall have the authority to adopt rules by the terms of which refunds of contributions may be made to a participating employer or employee where the employer or employee has paid such contributions in error, provided that employer refunds shall be made only as permitted by Section 403(c) of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, and provided further that in the event the Trustees shall allow a refund, any investment gains attributable to the mistaken contributions shall not be paid to the employer and any attributable losses shall be deducted from the refunded contributions.

**17.   Prosecution of Legal Actions or Claims**

The Trustees shall have the authority to originate and maintain any legal actions or claims involving potential legal actions, at the expense of the Trust Fund, as they may deem necessary in the administration of the Trust Fund and the benefit plans. All such actions and claims shall be prosecuted in the name of the Trust Fund or in the name of an assignee.

**18.   Defense of Legal Actions or Claims**

The Trustees shall have the authority to defend all legal actions, claims involving potential legal actions, and investigatory proceedings initiated against the Trust Fund or against one or more of the Trustees, former Trustees, administrative agents, or against one or more of the employees of the Trust Fund (if any) that relate to the administration of the Trust

EXHIBIT C - 28

Fund or the benefit plans.  Except as stated below, the defense of such actions, claims, and proceedings shall be at the expense of the Trust Fund.

If the final court decree establishes personal liability on the part of specified Trustees, administrative agents, or employees (if any) for breach of their fiduciary responsibilities, as permitted by Section 409(a) of the Employee Retirement Income Security Act of 1974, and orders that the specified persons are to bear the expenses of their own defense, their attorney fees shall not be chargeable to the Trust Fund.  If attorney fees and costs have already been charged to the Trust Fund, the specified persons shall be obligated to repay the Trust Fund for their pro rata share of such fees and costs.

## 19.   Compromise of Legal Actions or Claims

The Trustees shall have the authority to compromise, settle, or release all legal actions or claims involving potential legal actions, in favor of or against the Trust Fund, on such terms and conditions as they may determine.

## 20.   Penalties for False or Withheld Information

The Trustees shall have the authority to adopt rules and regulations by the terms of which reasonable penalties or forfeitures may be imposed upon participating employees or beneficiaries who (a) falsify any information requested of them in the administration of the Trust Fund and the benefit plans, or (b) fail to provide requested information within a reasonable time.

## 21.   Correction of Errors

It is recognized and acknowledged by all parties that the Trustees will provide eligibility credits or benefits to participating employees and their beneficiaries based on Trust Fund records.  It is also recognized and acknowledged that such records could be incorrect due to (a) employers reporting individuals who are not eligible for participation, (b) employers reporting incorrect names or incorrect social security numbers, (c) employers reporting more (or less) than the hours of contributions required to be reported, (d) delinquent employer reports, (e) employees or beneficiaries submitting incorrect or false benefit applications, (f) recording or computation errors by the administrative agent, (g) computer errors, or (h) other similar circumstances.  The Trustees shall have the authority to correct the Trust Fund records whenever errors are discovered and to terminate participation, adjust eligibility credits or benefits, or seek the recovery of benefit overpayments, as they may determine.

## 22.   Subscription Agreements

The Trustees shall have the authority to create and distribute subscription agreements, at the expense of the Trust Fund, by the terms of which a participating employer acknowledges its obligation to make contributions to the Trust Fund and subscribes to the terms and provisions of this Trust Agreement.

EXHIBIT C - 29

23.   **Participation in Non-Profit Educational Organizations**

The Trustees shall have the authority to participate in non-profit foundations, corporations, councils, committees, or other organizations which sponsor educational programs or provide educational materials pertaining to the administration of trust funds of this nature and of employee benefit plans. If the Trustees act to participate in any such non-profit organization, the membership or participation fees of the organization shall be chargeable to the Trust Fund.

The Trustees shall also have the authority to purchase educational materials and to provide for the attendance of the Trustees, or of such of their employees (if any), as they may designate, at educational conferences and meetings. The costs of such materials and attendance shall be chargeable to the Trust Fund.

24.   **Reciprocity**

The Trustees shall have the authority to enter into reciprocal agreements with other employee benefit trust funds providing similar benefits to those provided through the Trust Fund, for the exchange of eligibility credits or monies, or for the payment of pro rata benefits, in order to protect employees who may terminate their participation in the Trust Fund and begin participation in a reciprocal trust fund, and vice-versa.

25.   **Coordinated Administration**

The Trustees shall have the authority to coordinate the administration of the Trust Fund and of the benefit plans with the administration of related employee benefit trust funds and benefit plans, to such extent as they may determine.

26.   **Mergers**

It is recognized that at some time or times in the future, the Trustees may deem it in the best interest of the Trust Fund and of the participating employers, employer associations, labor organizations, and employees to accept the merger of another employee pension benefit trust fund into the Trust Fund, or to merge the Trust Fund into another employee pension benefit trust fund.

In the event that another employee pension benefit trust fund is to be merged into the Trust Fund, the Trustees shall have the authority to negotiate and consummate an appropriate merger agreement, and pursuant thereto, to accept a transfer of the remaining monies, assets, and liabilities from the other trust fund.

In the event the Trust Fund is to be merged into another employee pension benefit trust fund, the Trustees shall have the authority to negotiate and consummate an appropriate merger agreement, and pursuant thereto, to terminate the Trust Fund and to transfer the remaining monies, assets, and liabilities to the other trust fund. However, if the signatory parties hereto are other than the Trustees, no merger of the Trust Fund into another trust fund shall be negotiated or consummated without the written approval of the signatory parties (or their successors).

EXHIBIT C - 30

24

Any such merger agreement shall comply with the applicable provisions of the Internal Revenue Code, and the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980.

**27.   Interpretation and Application of Documents**

The Trustees shall have the authority to interpret and apply the provisions of this Trust Agreement, or of the benefit plans, or of their own motions, resolutions, and administrative rules and regulations, or of any contracts, instruments, or writings that they may have adopted or entered into.

## ARTICLE IX

## CONTRIBUTIONS AND COLLECTIONS

**1.   Contribution Reporting Forms**

The Trustees shall create and make available, at the expense of the Trust Fund, contribution reporting forms for the use of participating employers in making their contributions.

**2.   Contribution Due Date**

All contributions shall be due by the date specified in the underlying collective bargaining agreement or special agreement. If the underlying collective bargaining agreement or special agreement does not specify a due date, the Trustees shall have the authority to fix such a date.

**3.   Delinquent Contributions**

A participating employer shall be considered to be delinquent in the payment of contributions if he (a) fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the due date, or (b) fails to submit contributions on behalf of all the employees for whom contributions are required under the applicable collective bargaining agreement or special agreement, or (c) fails to compute properly the contributions according to the required contribution formula specified in the applicable collective bargaining agreement or special agreement.

The Trustees shall undertake reasonable efforts, at the expense of the Trust Fund, to collect known delinquent contributions and related claims.

**4.   Audit of Employer Books and Records**

The Trustees shall have the authority to audit the payroll books and records of a participating employer, either directly or through a qualified public accountant, as they may deem necessary in the administration of the Trust Fund. Such payroll audit may be undertaken pursuant to a routine payroll audit program or on an individual basis.

EXHIBIT C - 31

Whenever a payroll audit is authorized, the participating employer involved shall make available to the Trustees, or the qualified public accountant designated by them, its payroll books and records. Such books and records shall include (a) all records which the employer may be required to maintain under Section 209(a)(1) of the Employee Retirement Income Security Act of 1974, and (b) time cards, payroll journals, payroll check registers, canceled payroll checks, copies of the employer's federal, state, and local payroll tax reports, and all other documents and reports that reflect the hours and wages, or other compensation, of the employees or from which such can be verified.

In the event the payroll audit discloses that the participating employer has not paid contributions as required by the applicable collective bargaining agreement or special agreement, the employer shall be liable for the costs of the audit. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown.

5.    Liquidated Damages and Interest

It is recognized and acknowledged by all parties, including the participating employers, that the prompt and accurate payment of contributions is essential to the maintenance of an employee benefit trust fund and the benefit plans and that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust Fund that would result from the failure of a participating employer to pay the required contributions within the time provided. Therefore, if any participating employer shall be delinquent in the payment of contributions, such employer shall be liable, in addition, for liquidated damages calculated as follows:

| | |
|---|---|
| If contributions paid after the due date but before the 25th of the month | 5% |
| If contributions paid after the 25th of the month following the month the payment was due but before institution of suit | 10% |
| After institution of suit | 20% |

In addition, the delinquent contributions shall bear interest at the rate of twelve percent (12%) per annum from the date due until paid. The Trustees shall have the authority, however, to waive all or part of the liquidated damages or interest for good cause shown.

6.    Attorney Fees and Court Costs

Further, in the event the Trustees place the account in the hands of legal counsel for collection, the delinquent employer shall be liable for reasonable attorney fees (with a minimum of $25.00), and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. The Trustees shall have the authority, however, to waive all or part of the attorney fees or collection costs for good cause shown.

EXHIBIT C - 32

7. **Venue of Collection Actions**

In the event a collection suit is initiated, venue of such suit may be laid in a court of competent jurisdiction (federal and state) in the county, district, or borough in which the Trust Fund has an office, at the option of the Trustees.

8. **Protection of Employees in Cases of Delinquency**

To protect participating employees and beneficiaries in situations where participating employees may be denied pension credits because their employer is delinquent in the payment of contributions, the Trustees shall be the authority to extend eligibility credits to such employees or to direct the payment of benefits to them, or their beneficiaries, in whole or in part as they may determine.

The extension of eligibility credits or the payment of benefits shall not, however, release the delinquent employer from the responsibility for payment of the contributions owed.

9. **Coordination with Provisions in Collective Bargaining Agreements**

In the event the underlying collective bargaining agreement contains provisions relating to delinquencies that specify additional remedies, or obligate the delinquent employer to greater amounts of liquidated damages, interest, or attorney fees than those set forth herein, the Trustees, at their option, may pursue the additional remedies or impose the greater charges.

The Trustees shall not be obligated, however, to pursue the collection of delinquent accounts through the grievance-arbitration procedures (if any), provided for in the underlying collective bargaining agreement.

## ARTICLE X

## HEARING AND ARBITRATION PROCEDURES

1. **Procedures to be Followed**

The Trustees and the participating employees and their beneficiaries shall follow these hearing and arbitration procedures.

The procedures specified in this Article shall be the sole and exclusive procedures available to a participating employee or beneficiary who is dissatisfied with an eligibility determination or benefit award, or who is otherwise adversely affected by any action of the Trustees.

EXHIBIT C - 33

2.   **Hearings Before Board of Trustees**

Any participating employee or beneficiary of a participating employee who applies for benefits and is ruled ineligible by the Trustees (or by a committee of Trustees, an administrative agent, insurance carrier, or other organization acting for the Trustees), or who believes he did not receive the full amount of benefits to which he is entitled, or who is otherwise adversely affected by any action of the Trustees, shall have the right to request the Appeals Committee of the Trustees to conduct a hearing in the matter, provided that he makes such a request, in writing, within sixty (60) days after being apprised of, or learning of, the action. The Appeals Committee shall then conduct a hearing at which the participating employee or beneficiary shall be entitled to present his position and evidence in support thereof. The participating employee or beneficiary may be represented at such hearing by an attorney or by any other representative of his choosing. Thereafter, the Committee shall issue a written decision affirming, modifying, or setting aside the former action.

3.   **Appeal to Arbitration**

If the participating employee or beneficiary is dissatisfied with the written decision of the Appeals Committee, he shall have the right to appeal the matter to arbitration in accordance with the Labor Arbitration Rules of the American Arbitration Association, provided that he submits a request for arbitration to the Trustees, in writing, within sixty (60) days of receipt of the written decision. If an appeal to arbitration is requested, the Trustees shall submit to the arbitrator a certified copy of the record upon which the Committee's decision was made.

The question for the arbitrator shall be (1) whether the Committee was in error upon an issue of law, (2) whether it acted arbitrarily or capriciously in the exercise of its discretion, or (3) whether its findings of fact were supported by substantial evidence.

The decision of the arbitrator shall be final and binding upon the Trustees, upon the appealing party, and upon all other parties whose interests are affected thereby.

The expenses of arbitration shall be borne equally by the appealing party and the Trust Fund, unless otherwise ordered by the arbitrator.

ARTICLE XI

LIABILITIES

1.   **Liabilities and Debts of Trust Fund**

No signatory party or Trustee, and no participating employer, employer association, labor organization, employee or beneficiary shall be responsible for the liabilities or debts of the Trust Fund. However, this provision shall not relate to any liability which may be imposed on a participating employer under Section 4971 of the Internal Revenue Code, or Title IV of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980.

EXHIBIT C - 34

2.    **Liabilities and Debts of Participating Parties**

No participating employer, employer association, or labor organization shall become responsible by reason of their participation in the Trust Fund for the liabilities or debts of any other participating employer, employer association, or labor organization.

3.    **Personal Liabilities of Trustees**

No Trustee shall incur any personal liability in connection with the administration of the Trust Fund or the benefit plans, except for such liability that may be established in accordance with Section 409(a) of the Employee Retirement Income Security Act of 1974.

Except as may be required by applicable provisions of such Act, no Trustee shall be held personally liable for any breach of fiduciary responsibilities in connection with the administration of the Trust Fund or the benefit plans where it is established (a) that the responsibilities at issue were lawfully allocated or delegated to other Trustees or fiduciaries, or (b) that in carrying out the responsibilities at issue the Trustee reasonably relied upon the advice given by the administrative agent or by one or more of the advisors retained by the Trustees.

No Trustee shall be personally liable for a breach of fiduciary responsibilities if such breach was committed before he became a Trustee or after he ceased to be a Trustee.

4.    **Judgments Against Trust Fund**

Any money judgment against the Trust Fund shall be enforceable only against the Trust Fund entity and shall not be enforceable against any Trustee or other person, unless liability against the Trustee or other person, in his individual capacity, is established in accordance with Section 409(a) of the Employee Retirement Income Security Act of 1974.

5.    **Participating Parties' Rights**

Except as specifically provided for in this Trust Agreement or in the benefit plans, no participating employer, employer association, labor organization, or employee, or any beneficiary of a participating employee shall have any right, title, or interest in or to the Trust Fund, or in or to the contributions, or in or to the benefits provided.

No participating employee shall be entitled to receive any part of the contributions in lieu of the benefits provided through a benefit plan, nor shall a participating employee who does not qualify for benefits, or his employer, have any claim to the contributions which may have been paid on his behalf.

6.    **Cessation of Participation**

In the event a participating employer, employer association, or labor organization, or groups thereof, should cease their participation in the Trust Fund, there shall be no division or allocation of any of the monies or assets of the Trust Fund, except as may be required by law.

EXHIBIT C - 35

7.   **Protection of Trust Fund, Contributions, and Benefits**

No part of the Trust Fund (including the contributions) or the benefits payable under the benefit plans shall be subject in any manner, by a participating employee or beneficiary, to anticipation, alienation, sale, transfer, assignment, encumbrance, or charge, and any such attempt shall be null and void, provided that the Trustees may recognize assignments of benefits from a participating employee or beneficiary to a doctor, hospital or other person or institution that has treated or cared for, or provided services or goods to, the participating employee or beneficiary.

Further, no part of the Trust Fund (including the contributions) or the benefits payable under the benefit plans shall be liable for the debts of a participating employee or beneficiary, nor be subject in any manner to garnishment, attachment, lien, charge, or any other legal process brought by any person against a participating employee or beneficiary, and any such attempt shall be null and void.

Notwithstanding the foregoing provision, the Trustees shall pay benefits in accordance with applicable requirements of any qualified domestic relations order entered on or after January 1, 1985, as provided in Section 206(d)(3) of the Employee Retirement Income Security Act of 1974 as amended. The Trustees shall also pay benefits in accordance with the applicable requirements of domestic relations orders entered before such date if the Trustees are presently paying benefits pursuant to such orders on January 1, 1985.

8.   **Reliance Upon Written Documents**

The Trustees may act upon any written letter, report, certificate, instrument, or other document submitted to them by any participating employer, labor organization, employee or beneficiary, or by any other person, where such document appears to be genuine and to be signed by the proper person or persons, and the Trustees shall be under no duty to make any investigation or inquiry as to any statement contained in any such document.

9.   **Agents of Trust Fund**

The Trust Fund is an entity separate and apart from the participating employers, employer associations, and labor organizations. Accordingly, unless authorized in a motion or resolution of the Board of Trustees, no participating employer, employer association, or labor organization, nor any individual employed thereby, shall have any authority to act or function for or on behalf of the Trust Fund or as an agent thereof.

Likewise, unless authorized in a motion or resolution of the Board of Trustees no individual Trustee shall have any authority to act or function for or on behalf of the Trust Fund or as an agent thereof.

EXHIBIT C - 36

# ARTICLE XII

## MISCELLANEOUS

1.  **Trust Fund Offices**

    The Trust Fund shall maintain a principal office and sub-offices, where necessary, in such locations as the Trustees may determine.

2.  **Applicable Laws and Regulations**

    This Trust Agreement shall be interpreted, and the Trust Fund shall be administered, in accordance with Section 302(c) of the Labor-Management Relations Act of 1947, the Employee Retirement Income Security Act of 1974, the Internal Revenue Code, and the regulations pertinent thereto, and other applicable statutes and regulations, as such statutes and regulations presently exist or as they may hereafter be amended.

    References herein to particular sections of the above-mentioned statutes shall include any regulations pertinent to such sections and any subsequent amendments to such sections or regulations.

3.  **Service in More Than One Fiduciary Capacity**

    Any Trustee or other person who is a fiduciary may serve the Trust Fund in more than one fiduciary capacity.

4.  **Notices**

    Any written notice permitted by this Trust Agreement shall be personally delivered to the person for whom it is intended, or sent to such person at his residence or business address by first class mail or prepaid telegram.

5.  **Severability**

    If any provision of this Trust Agreement, or of the benefit plans, is held to be illegal or invalid for any reason, such illegality or invalidity shall not affect the remaining portions of the Trust Agreement, or the benefit plans.

6.  **Titles and Words**

    The titles of the various articles and sections of this Trust Agreement are inserted solely for convenience of reference and are not a part of, not shall they be used to construe, any term or provision hereof. Whenever any words are used herein in the masculine gender, they shall be construed as though they were used in the feminine gender, and words in singular form shall be construed as though they were used in the plural form, in all cases where they would so apply.

EXHIBIT C - 37

## ARTICLE XIII

## AMENDMENTS AND TERMINATION

1. **Amendments**

This Trust Agreement may be amended as follows:

The provisions of this Trust Agreement may be amended by action of the Trustees, provided that if the signatory parties hereto are other than the Trustees, any such action shall require the written approval of the signatory parties (or their successors).

2. **Termination**

This Trust Agreement may be terminated at any time, by action of the Trustees, provided that, if the signatory parties hereto are other than the Trustees, any such action shall require the written approval of the signatory parties (or their successors).

In any event this Trust Agreement shall be automatically terminated upon the expiration of all collective bargaining agreements and special agreements requiring the payment of contributions to the Trust Fund, provided that for purposes of this provision a collective bargaining agreement or special agreement shall not be deemed to have expired in a strike or lockout situation, unless said strike or lockout continued for more than six (6) months.

3. **Allocation Upon Termination**

Upon the termination of this Trust Agreement, the Trustees shall wind up the affairs of the Trust Fund. Any and all monies remaining in the Trust Fund, after the payment of expenses, shall be allocated among the participating employees and beneficiaries in accordance with the Internal Revenue Code and the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980.

In no event shall any of the remaining monies or assets be paid to or be recoverable by any participating employers, employer association, or labor organization.

## ARTICLE XIV

## EMPLOYER WITHDRAWAL LIABILITY

1. **Calculation and Collection of Employer withdrawal Liability**

As required by the Multiemployer Pension Plan Amendments Act of 1980, in the event a participating employer should withdraw from the Trust Fund, the Board of Trustees shall (a) determine the amount of the employer's withdrawal liability (if any), (b) notify the employer of the amount of the withdrawal liability, and (c) collect the amount of withdrawal liability from the employer. In carrying out this responsibility, the Board of Trustees shall apply the terms

EXHIBIT C - 38

and provision of such Act, and any regulations issued thereunder, provided, however, that the Board of Trustees may from time to time adopt alternate methods or formulae for calculating and collecting withdrawal liability payment as permitted by such Act.

2.   **Adoption of Administrative Rules and Regulations**

the Board of Trustees shall adopt administrative rules and regulations relating to the calculation and collection of employer withdrawal liability payments.

## SIGNATORY PARTIES

| EMPLOYER TRUSTEES | LABOR ORGANIZATION TRUSTEES |
|---|---|
| Robert Carlton, Jr. | Donald Dokken |
| Date: 3.30.99 | Date: 3/31/99 |
| Richard Miller | Dale Hill |
| Date: 3-30-99 | Date: 3-31-99 |
| Mike Nelson | Ken Peterson |
| Date: 3-30-99 | Date: 3-31-99 |
| Robert Patterson | Floyd Reichert |
| Date: 3-30-99 | Date: 3-31-99 |
| Donald Coda | Ron Senger |
| Date: 3/31/99 | Date: 03/31/99 |

Richard Pansie (Alternate)

Date: _____

33

EXHIBIT C - 39

AMENDMENT NO. 1 TO THE
TRUST AGREEMENT GOVERNING THE
NORTHWEST SHEET METAL WORKERS PENSION TRUST

ARTICLE X - HEARING AND ARBITRATION PROCEDURES

**Section 2.  Hearings Before Board of Trustees**

The following new sentence is added at the end of Article X, Section 2:

Effective January 1, 2002, and notwithstanding any other provision of this Section, a participating employee who applies for Disability Retirement Benefits on or after January 1, 2002 and whose application is denied shall have one hundred and eighty (180) days from the date he receives notification of the denial to request a hearing before the Trustees.

**Section 3.  Appeal to Arbitration**

The following new paragraph is added at the end of Article X, Section 3:

Effective January 1, 2002, pursuant to regulations issued by the United States Department of Labor, a participating employee who applies for Disability Retirement Benefits on or after January 1, 2002 and whose application is denied by the Trustees may no longer appeal that denial to arbitration.  The provisions of this Section shall continue to apply to any other participating employee or beneficiary who wishes to appeal from a written decision issued by the Trustees pursuant to Section 2, above.

Adopted at a Trust meeting on _____ JUNE 3 _____, 2002.


_____
Chairman

_____
Secretary

EXHIBIT C - 40

AMENDMENT NO. 1 TO THE
TRUST AGREEMENT GOVERNING THE
NORTHWEST SHEET METAL WORKERS PENSION TRUST

ARTICLE X – HEARING AND ARBITRATION PROCEDURES

**Section 2.  Hearings Before Board of Trustees**

The following new sentence is added at the end of Article X, Section 2:

> Effective January 1, 2002, and notwithstanding any other provision of this Section, a participating employee who applies for Disability Retirement Benefits on or after January 1, 2002 and whose application is denied shall have one hundred and eighty (180) days from the date he receives notification of the denial to request a hearing before the Trustees.

**Section 3.  Appeal to Arbitration**

The following new paragraph is added at the end of Article X, Section 3:

> Effective January 1, 2002, pursuant to regulations issued by the United States Department of Labor, a participating employee who applies for Disability Retirement Benefits on or after January 1, 2002 and whose application is denied by the Trustees may no longer appeal that denial to arbitration.  The provisions of this Section shall continue to apply to any other participating employee or beneficiary who wishes to appeal from a written decision issued by the Trustees pursuant to Section 2, above.

Adopted at a Trust meeting on _____ JUNE 3, _____, 2002.

_____
Chairman

_____
Secretary

EXHIBIT C - 41

AMENDMENT NO. 1 TO THE
TRUST AGREEMENT GOVERNING THE
NORTHWEST SHEET METAL WORKERS PENSION TRUST


ARTICLE X – HEARING AND ARBITRATION PROCEDURES


**Section 2. Hearings Before Board of Trustees**

The following new sentence is added at the end of Article X, Section 2:

Effective January 1, 2002, and notwithstanding any other provision of this Section, a participating employee who applies for Disability Retirement Benefits on or after January 1, 2002 and whose application is denied shall have one hundred and eighty (180) days from the date he receives notification of the denial to request a hearing before the Trustees.


**Section 3. Appeal to Arbitration**

The following new paragraph is added at the end of Article X, Section 3:

Effective January 1, 2002, pursuant to regulations issued by the United States Department of Labor, a participating employee who applies for Disability Retirement Benefits on or after January 1, 2002 and whose application is denied by the Trustees may no longer appeal that denial to arbitration. The provisions of this Section shall continue to apply to any other participating employee or beneficiary who wishes to appeal from a written decision issued by the Trustees pursuant to Section 2, above.


Adopted at a Trust meeting on _____ JUNE 3 _____, 2002.


_____
Chairman

_____
Secretary


EXHIBIT C - 42

AMENDMENT NO. 1 TO THE
TRUST AGREEMENT GOVERNING THE
NORTHWEST SHEET METAL WORKERS PENSION TRUST


ARTICLE X - HEARING AND ARBITRATION PROCEDURES


Article X, Section 2 amended to state as follows:

**2.   Hearings Before Appeals Committee**

Any participating employee or beneficiary of a participating employee who applies for benefits and is ruled ineligible by the Trustees (or by a committee of Trustees, an administrative agent, insurance carrier, or other organization acting for the Trustees), or who believes he did not receive the full amount of benefits to which he is entitled, or who is otherwise adversely affected by any action of the Trustees, shall have the right to request the Appeals Committee of the Trustees to conduct a hearing in the matter, provided that he makes such a request, in writing, within sixty (60) days after being apprised of, or learning of, the action. The Appeals Committee shall then conduct a hearing at which the participating employee or beneficiary shall be entitled to present his position and evidence in support thereof. The participating employee or beneficiary may be represented at such hearing by an attorney or by any other representative of his choosing. Thereafter, the Committee shall issue a written decision affirming, modifying, or setting aside the former action.

Article X, Section 3 is amended to state as follows:

**3.   Appeal to Arbitration**

If the participating employee or beneficiary is dissatisfied with the written decision of the Appeals Committee, he shall have the right to appeal the matter to arbitration in accordance with the Labor Arbitration Rules of the American Arbitration Association, provided that he submits a request for arbitration to the Trustees, in writing, within sixty (60) days of receipt of the written decision. If an appeal to arbitration is requested, the Trustees shall submit to the arbitrator a certified copy of the record upon which the Committee's decision was made.

The question for the arbitrator shall be (1) whether the Committee was in error upon an issue of law, (2) whether it acted arbitrarily or capriciously in the exercise of its discretion, or (3) whether its findings of fact were supported by substantial evidence.

EXHIBIT C - 43

The decision of the arbitrator shall be final and binding upon the Trustees, upon the appealing party, and upon all other parties whose interests are affected thereby.

The expenses of arbitration shall be borne equally by the appealing party and the Trust Fund, unless otherwise ordered by the arbitrator.

Adopted at a Trust meeting on February _____, 1997, and and effective upon adoption.


_____        _____
Chairman                             Secretary



AMNDMTS:185-A-1

EXHIBIT C - 44

2